UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN TYLER JONES,

    Plaintiff,

v.

EMPOWER BENEFITS, INC.

    Defendant.

CASE NO.: _____

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Empower Benefits, Inc. ("Defendant" or "Empower"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes this action, based on federal question jurisdiction and supplemental jurisdiction, from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of such removal states:

1. Empower is the sole Defendant in the civil action filed in the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 22-CA-008352, on October 6, 2022, titled *Jonathan Tyler Jones v. Empower Benefits, Inc.* (the "State Court Action").

2. In his Complaint, Plaintiff alleges discrimination based upon gender/sexual orientation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stat. ("FCRA").

3. Because Plaintiff is asserting claims under Title VII—a federal statute—this action is subject to removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under the FCRA, Chapter 76, Fla. Stat., pursuant to 28 U.S.C. § 1367, which dictates that this Court shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See, e.g., Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010) (quoting 28 U.S.C. § 1367(a)). Plaintiff's state claims stem from the same nucleus of operative facts as the federal claims, and all the claims are merely different theories in support of the same constitutional case.

5. No reason exists under 28 U.S.C. § 1367(c) that Plaintiff's claims under the state statute should not be adjudicated in this Court. First, Plaintiff's state claims raise no novel or complex issues of state law. Second, Plaintiff's state claims do not substantially predominate over the federal claims, over which this Court has jurisdiction. Third, the federal claims, over which this Court has jurisdiction, have not been dismissed. And fourth, there are no exceptional circumstances that warrant declining jurisdiction over the state claims.

6.  Plaintiff's allegations arose in Hillsborough County, Florida. Thus, venue properly lies in the United States District Court for the Middle District of Florida, Tampa Division.

7.  Empower was served with the Summons and Complaint in the State Court Action on January 26, 2023. This removal petition is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Amended Complaint. *See* 28 U.S.C. § 1446(b).

8.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant Empower are attached hereto as composite *Exhibit A*.

9.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff and a copy of this Notice will also be filed concurrently with the Clerk of the Circuit Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, a copy of which is attached hereto as *Exhibit B*.

10. Therefore, removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

WHEREFORE, on the foregoing basis, Defendant Empower Benefits, Inc. respectfully submits that removal of this action to this Court is proper, just and appropriate.

Respectfully submitted this 15th day of February, 2023.

**FORDHARRISON LLP**

By:    */s/ Todd S. Aidman*
           Todd S. Aidman
           Florida Bar No. 0173029
           taidman@fordharrison.com
           Viktoryia Johnson, Esquire
           Florida Bar No. 125545
           vjohnson@fordharrison.com
           401 E. Jackson Street, Suite 2500
           Tampa, FL 33602

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I will send a copy via electronic mail to the following:

Marie A. Mattox. Esquire
**MARIE A. MATTOX, P.A.**
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone: 850-383-4800
Facsimile: 850-383-4801
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

           */s/ Todd S. Aidman*

WSACTIVELLP:13796120.1